# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KATRINA MCCRAY, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 4:12-CV-2352-JAR |
| TRUEBLUE INC. d/b/a LABOR READY, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand. [ECF No. 17] Defendant filed its Response on February 25, 2013. (Doc. No. 21) Plaintiff did not reply. The motion is, therefore, fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Procedural background**

Plaintiff filed her Petition for Damages on October 16, 2012 in the Circuit Court of the City of St. Louis alleging violations of the Missouri Human Rights Act ("MHRA"), R.S. Mo. § 213.010, et seq., including sexual hostile environment, retaliation and constructive discharge. (Doc. No. 1-1) Defendant properly removed the case to this Court based on diversity jurisdiction on December 19, 2012. (Doc. No. 1)

On January 31, 2013, Plaintiff filed a motion for leave to file a first amended complaint, adding a new claim for false imprisonment against a new defendant, her former manager, Corey Woodward. (Doc. No. 10) In her motion, Plaintiff stated that Woodward was a resident of the City of St. Louis, State of Missouri. Defendant opposed the motion, arguing that Plaintiff sought to join Woodward to defeat diversity jurisdiction and that he was not a necessary and

indispensable party to her MHRA claims. (Doc. No. 12) On February 11, 2013, the Court granted Plaintiff leave to amend her complaint.

On February 12, 2013, Plaintiff filed the instant motion to remand on the grounds that a Missouri resident defendant is now in the case and the Court no longer has diversity jurisdiction over this action. Defendant opposes the motion to remand, arguing that Woodward has been a resident of Michigan since December 2012 and is no longer a citizen of Missouri. (Doc. No. 21)

**Legal Standard**

"[D]iversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." Bakhtiari v. Phillips, 2009 WL 3711979, at *1 (E.D. Mo. Nov. 5, 2009)(citations omitted). For purposes of diversity jurisdiction, a natural person is considered to be a citizen of the state in which he is domiciled; thus, in this context, "citizenship" of a state and "domicile" are synonymous. Id. at n 1. Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely. Altimore v. Mount Mercy College, 420 F.3d 763, 768-69 (8th Cir.2005). Once an individual has established his state of citizenship, he is presumed to be a citizen of that state until he legally acquires a new state of citizenship. Id. See also Blakemore v. Mo.Pac.R.R. Co., 789 F.2d 616, 618 (8th Cir. 1986). Whether diversity of citizenship exists is determined at the time the suit is filed, and not when the cause of action arose. Altimore, 420 F.3d at 768-69. The district court's "determination of citizenship for the purpose of diversity is a mixed question of law and fact, but mainly fact." Blakemore, 789 F.2d at 618. The standard for proving domicile is "a preponderance of the evidence." Altimore, 420 F.3d at 768.

The party seeking removal and opposing remand has the burden of establishing federal subject jurisdiction. Carey v. JP Bushnell Packing Supply Co., 2011 WL 6415178, at *2 (E.D. Mo. December 21, 2011) (citing In re Business Men's Assur. Co. of America, 992 F.2d 181, 183

2

(8th Cir. 1991). A district court is required to resolve all doubts about federal jurisdiction in favor of remand. In re Business Men's Assur. Co., 992 F.2d at 183; Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997). In deciding this issue, the Court may consider the pleadings and supporting affidavits. Carey, 2011 WL 6415178, at *2 (citing Parnas v. General Motors Corp., 879 F.Supp. 91, 92 (E.D. Mo. 1995).

**Discussion**

Because Defendant removed this case to federal court, it bears the burden of establishing jurisdiction by a preponderance of the evidence. Defendant submits a sworn declaration from Corey Woodward wherein he states that in December 2012, he accepted a new job in Michigan to work for Labor Ready Mid-West, Inc. (Declaration of Corey Woodward, Doc. No. 21-1, ¶ 6) On December 30, 2012, he and his family moved from Missouri to Michigan and took possession of their new home. (Id., ¶¶ 7-8) The lease for their new home runs through the end of 2013 and they may renew the lease. (Id., ¶ 9) Woodward started his new job on January 5, 2013. (Id., ¶ 10) He states he has not returned to Missouri since December 2012, has no residence in Missouri, and has no present plans to return to Missouri. (Id., ¶¶ 10-11) Woodward has been informed that Plaintiff recently filed a lawsuit against him, but has not been served. (Id., ¶ 13)

As noted above, whether diversity exists is determined at the time the suit is filed. Altimore, 420 F.3d at 768-69. The unrefuted record demonstrates that Woodward has not had a physical presence in Missouri nor an intent to make Missouri his domicile since December 2012, prior to the date Plaintiff filed her claim against him in February 2013. Altimore, 420 F.3d at 768-69. Plaintiff's motion to remand will, therefore, be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [17] is **DENIED**.

Dated this 2nd day of April, 2013.

_____
JOHN A ROSS
UNITED STATES DISTRICT JUDGE